**Robert VARDANYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71605.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2006.

Decided June 9, 2006.

Kleinfeld, Circuit Judge, filed dissenting opinion.

438

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,* KLEINFELD, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Robert Vardanyan, an Armenian citizen, petitions for review of the Board of Immigration Appeals order summarily affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant the petition.

We review adverse credibility determinations for substantial evidence. *Shah v. I.N.S.*, 220 F.3d 1062, 1067 (9th Cir.2000).

█ The IJ offered several reasons for finding Vardanyan not credible. First, the IJ doubted why Vardanyan would deny to Armenian government agents that he had met with a high-ranking official to discuss illicit killings at his military base when it was clear that the agents already knew of the meeting. The IJ's rejection of this account, however, rested upon speculation about how a persecuted person would behave while being detained and interrogated by secret police. An adverse credibility finding cannot rest on the fact, even if it *is* a fact, that a person lied to interrogators under such circumstances. *See Turcios v. I.N.S.*, 821 F.2d 1396, 1400–01 (9th Cir.1987) (holding that misstatements must be evaluated "in the light of all the circumstances of the case" and rejecting an adverse credibility finding based on misrepresentations made by petitioner out of fear of persecution). Further, even though Vardanyan, when asked by the IJ why he lied to interrogators, stated that he "couldn't lie," it is unclear from the record

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**439**

whether this explanation was itself a lie or simply an inartful response hampered by obvious language difficulties.

■ Second, the IJ disbelieved Vardanyan because he testified on the one hand that he held an important job in the military, yet claimed on the other hand to be the victim of persecution. However, the IJ did not address Vardanyan's explanation that specialized training and experience rendered him uniquely qualified for the position, notwithstanding the hatred he engendered.

■ Third, the IJ disbelieved Vardanyan's claim that government agents who had suspected him of compromising military secrets nevertheless allowed him to leave a hospital without restraint. However, the IJ's disbelief of this testimony was based on "personal speculation about the security practices and effectiveness of the local officials." *Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir.2004).

■ Fourth, the IJ found Vardanyan incredible because of inconsistencies in his account of why he had not maintained contact with his mother as well as his failure to produce any of the critical articles she allegedly authored. In this instance, the record supports the IJ's skepticism. However, Vardanyan's relationship with his mother does not go to the heart of his claim for asylum and other relief. *See Singh v. Ashcroft*, 362 F.3d 1164, 1171–72 (9th Cir.2004) (holding that a stated reason for disbelieving a petitioner must be significant and go to the heart of petitioner's claim).

In sum, the IJ's adverse credibility finding is not supported by substantial evidence. We therefore grant the petition for review and remand to the agency to determine whether, based on Vardanyan's testimony, he is entitled to relief. *Arulampa-lam v. Ashcroft*, 353 F.3d 679, 689 (9th Cir.2003).

**PETITION GRANTED; REMANDED.**

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

The question is whether there was substantial evidence on the record as a whole that supported the immigration judge's adverse credibility determination. I think there was. I agree with the immigration judge that it does not make much sense that an object of the government's ire, such as Mr. Vardanyan claims to be, would serve out his full term in the military, be discharged, be allowed to leave the hospital without difficulty, and be allowed to travel abroad for a wrestling competition without difficulty. This goes to the heart of Vardanyan's claim.

I also agree with the immigration judge that Vardanyan's explanation of his lack of contact with his mother does not make any sense. He stayed in constant contact with her while he was in the military. Yet, as the immigration judge noted, has had no contact with her for four years, including 2 1/2 years while he was in the United States, and there was nothing to interfere or create a threat of harm to either one of them on account of contact. When he was asked about this, first he said that the reason he had not talked with his mother in Russia is that he did not know where she was. Then, he said it was hard to communicate with her because she was in a village, a fact he would not know if he did not know where she was. Then he said that he was not in contact with her because she would have to come from the village into a city to talk on a phone. When confronted with the fact that his father in Armenia was in contact by phone with his mother in Russia, meaning it must

be possible for her to talk on the phone, he said that the reason his mother could not get in touch with him was that when ever she called he was at work. This answer conflicted with his previous answers, because it showed that his mother did have access to a telephone and had tried to call him. Then, when the immigration judge asked him why he had not been able to arrange a time to be home when his mother telephoned, he said, "I didn't really have time to do that."

There may be a perfectly good reason for changing stories. Perhaps there was some domestic dispute that Vardanyan did not feel was any of the immigration judge's business. But the immigration judge could also conclude quite reasonably, and apparently did, that Vardanyan just made up stories as he went along. Although Vardanyan's lack of communication with his mother does not go to the heart of his claim, it does go to the heart of his credibility.

There was also a substantial basis for the immigration judge's conclusion that Vardanyan had not supported his claim about his mother's provocative politics. His mother was a journalist who had published articles for women's rights group, yet Vardanyan claimed that he could not obtain any copies of any of the articles. Because the whole purpose of the articles was evidently to tell the public about women's rights, it does not make any sense that they would be kept secret and copies would not be provided to Vardanyan in the United States. We have authority that says failure to obtain corroborating evidence where there is no good reason to explain its unavailability justifies an ad-

verse credibility determination.[1] There could be an honest explanation for this, but that is not determinative and no plausible explanation was offered. What is determinative is that this failure to provide documentation, where it should have been practical to do so, does provide a substantial basis for the adverse credibility determination. And the issue of his mother's politics does go to the heart of the claim.

An immigration judge's adverse credibility determination can only be reversed "if the evidence compels a contrary conclusion."[2] Here that exacting standard has clearly not been met. I therefore respectfully dissent.

---

1. *Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001).

2. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

